# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 22, 2024        Decided July 15, 2025

No. 23-5288

TOBIAS JONES,
APPELLANT

v.

UNITED STATES SECRET SERVICE, OF THE U.S. DEPARTMENT
OF HOMELAND SECURITY, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-00962)

*Daniel R. Yablon* argued the cause for appellant. With him on the briefs were *R. Stanton Jones*, *Andrew Tutt*, and *Devin Watkins*.

*Michael K. Kellogg*, *Matthew J. Wilkins*, and *Dustin G. Graber* were on the brief for amicus curiae for appellant.

*Jaynie R. Lilley*, Attorney, U.S. Department of Justice, argued the cause for appellees. With her on the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, at the time the brief was filed, and *Barbara L. Herwig*, Attorney.

Before: SRINIVASAN, *Chief Judge*, WALKER, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* WALKER.

WALKER, *Circuit Judge*: From a Washington, D.C. sidewalk, Tobias Jones filmed a Secret Service building's open garage door. Two officers told him to stop. When he didn't, they detained him, handcuffed him, and searched him. Then, a third officer arrived and said Jones had a right to continue his filming.

Jones believes the first two officers violated his First Amendment right to free speech and his Fourth Amendment right to be secure against unreasonable searches and seizures. He sued in district court for damages and prospective relief.

We hold that Jones has not asserted a valid cause of action for damages. We also hold that Jones lacks standing to seek prospective relief. Therefore, we affirm the district court's decision to dismiss his case.

## I. Background

Tobias Jones describes himself as a citizen journalist. He regularly records law enforcement activity in the District of Columbia. He then posts the videos online.

In 2019, Jones walked by a Secret Service facility. He noticed a "strange looking building" with the type of "large open hangar door" that often separates a loading dock from the street. *Jones v. United States Secret Service*, 701 F. Supp. 3d

4, 9 (D.D.C. 2023) (quoting Complaint ¶ 7). He began filming it.

A Secret Service officer named James Fisher soon ordered Jones to stop pointing his camera "inside [the] building." JA 8. Jones refused. Fisher then grabbed the camera and "force[d] it to point in a different direction." JA 7.

About ten minutes later, Sergeant Travas Holland arrived and asked for Jones' identification. Jones again refused to comply. Holland instructed him to leave, but Jones insisted that he had a right to continue filming.

Holland then handcuffed Jones and searched his pockets and backpack. Jones "demand[ed] to know why." JA 10. Holland said it was for everyone's safety.

A third officer arrived. That officer said Jones had a right to film the building. After that, Jones was released, and he left.

Jones sued Fisher and Holland for damages and declaratory relief and the Secret Service for injunctive relief. He asserted a right under the First Amendment to record the Secret Service building. He also asserted a right under the Fourth Amendment to be free from what he called an unreasonable seizure, an unreasonable search, and an unreasonable use of force.[1]

The district court dismissed the case. It held that Jones had not asserted a valid cause of action to sue for damages and that

---

[1] Count V stated a failure-to-train claim. Jones does not press that claim on appeal.

4

he lacked standing to seek an injunction or a declaratory judgment.

Jones appealed.[2]

## II. Damages

The damages claims here depend on the scope of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In that case, Webster Bivens alleged that federal agents violated his Fourth Amendment right to be free from unreasonable searches and seizures. *Id.* at 389. When he sued them, the Supreme Court held the Fourth Amendment contained an implied cause of action for damages. *Id.* at 396-97.

The Court recognized another implied cause of action in 1979 when a congressional staffer seeking damages alleged employment discrimination prohibited by the Fifth Amendment's Due Process Clause. *See Davis v. Passman*, 442 U.S. 228, 230-31, 248-49 (1979). And the Court did so again in 1980 when a prisoner claimed deliberate indifference to his medical needs in violation of the Eighth Amendment. *See Carlson v. Green*, 446 U.S. 14, 16 n.1, 18-23 (1980). But in the 45 years since 1980, the Supreme Court "has consistently declined to extend *Bivens* to new contexts." *Goldey v. Fields*, No. 24-809, 2025 WL 1787625, at *2 (U.S. June 30, 2025) (per curiam); *see also Egbert v. Boule*, 142 S. Ct. 1793, 1799 (2022) ("we have declined 11 times to imply a [*Bivens*] cause of action for other alleged constitutional violations").

---

[2] Our review is de novo, accepting "as true all well-pleaded factual allegations." *Buchanan v. Barr*, 71 F.4th 1003, 1006 (D.C. Cir. 2023).

5

The Court analyzes *Bivens* claims in two steps. First, it asks "whether the case presents a new *Bivens* context." *Egbert*, 142 S. Ct. at 1803 (cleaned up). If the context is not new, the claim may proceed.

"Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed. If there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy." *Id.* (cleaned up).

## A. The Fourth Amendment

Jones' Fourth Amendment damages claims differ from the claim in *Bivens*, and we cannot extend *Bivens* to this new context.

### 1. A New Context

A new context arises if the plaintiff's "case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859 (2017). Cases can meaningfully differ even if they involve the same "right" and "mechanism of injury." *Id.* Meaningful differences may "include the rank of the officers involved, the constitutional right at issue, and the risk of disruptive intrusion by the Judiciary into the functioning of other branches." *Buchanan v. Barr*, 71 F.4th 1003, 1008 (D.C. Cir. 2023) (cleaned up).

This case is meaningfully different from *Bivens* because it creates a greater risk of judicial intrusion into the Executive Branch. Unlike the agents in *Bivens*, Fisher and Holland were

protecting a federal building from a perceived threat. That protective duty is inherently defensive — a duty to stop a threat before it harms anyone.

In contrast, the federal officers who arrested Bivens were not protecting *their* space; they intruded into *his* space. They arrested Bivens in his home (unlike here), searched it "stem to stern" (unlike here), and hauled him to jail (unlike here). *Bivens*, 403 U.S. at 389. That law enforcement activity materially differs from the protective activity of guarding a federal building from perceived threats.

Consider how those different purposes and different environments created different risk-reward calculations for the different agents. *Bivens* involved serious harm to Bivens; this case involves comparatively less harm to Jones. And *Bivens* involved a planned encounter with (at least) partially known risks posed by an identified person; this case involves an unplanned encounter with unknown risks posed by an unidentified person.

Because the intrusion here would be different than in *Bivens*, the context is new, and Jones may proceed only if we extend *Bivens* to this new context.

## 2. Reasons Not To Extend *Bivens*

We cannot extend *Bivens* to this case's new context. There are at least two independent reasons why Congress is better equipped than the courts here "to weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 142 S. Ct. at 1803 (cleaned up).

*First*, for the reasons explained already, the Secret Service officers' protective posture in this case means that our creation

of a cause of action could intrude into Executive Branch functions in a dangerous way, and this intrusion counsels against extending that precedent. When defending a federal building, retreat is not an option; split-second decision-making is often required; and the "risk of personal damages liability is more likely to cause an official to second-guess difficult but necessary decisions." *Ziglar*, 137 S. Ct. at 1861. In that context, Congress is better suited than the Judiciary "to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1858; *see also Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (courts must "consider the risk of interfering with the authority of the other branches").

*Second*, "Congress has provided alternative remedies for aggrieved parties in [Jones'] position that independently foreclose a *Bivens* action here." *Egbert*, 142 S. Ct. at 1806. Specifically, Congress has charged the Department of Homeland Security's Inspector General and Officer for Civil Rights and Civil Liberties with investigating "complaints and information indicating possible abuses of civil rights or civil liberties." *See* 6 U.S.C. § 345(a)(6). Any person may submit a complaint of "employee misconduct," which may include allegations of "civil rights abuses." *See Report Employee Misconduct*, United States Secret Service, https://perma.cc/FZR3-VZJF.

The Supreme Court deemed those alternative remedies sufficient in *Egbert*. 142 S. Ct. at 1806-07. And though the plaintiff in *Egbert* did not sue Secret Service officers, he did sue an agent in another part of the Department of Homeland Security — the United States Customs and Border Protection. If an alternate remedy was good enough there, it is good enough here.

**B. The First Amendment**

Jones alleges that Fisher and Holland violated his First Amendment "right to record the actions of police officers in the public performance of their duties from a public forum." JA 15. At oral argument, Jones explained that he is asserting this *Bivens* claim primarily to preserve it for "further review." Oral Arg. Tr. 5; Appellant Br. 7.

We can acknowledge this claim's preservation while quickly dispatching it. The Supreme Court has never extended *Bivens* to the First Amendment, and it has categorically foreclosed a *Bivens* remedy for First Amendment retaliation claims. *See Egbert*, 142 S. Ct. at 1807; *Buchanan*, 71 F.4th at 1008. For those reasons, as well as the officers' protective posture and the availability of an alternative remedy, we decline to extend *Bivens* to Jones' First Amendment claim.

**III. Prospective Relief**

We also affirm the district court's holding that Jones lacks standing to seek declaratory and injunctive relief.

To establish standing for prospective relief, a plaintiff opposing a motion to dismiss must plausibly allege facts that show "the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (cleaned up); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "Past wrongs" may be used as "evidence bearing on 'whether there is a real and immediate threat of repeated injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). But "[p]ast exposure to illegal conduct," without more, is

insufficient to establish standing for prospective relief. *See O'Shea*, 414 U.S. at 495.

Jones alleges a future injury — namely, that the Secret Service will once again stymie his efforts to record a Secret Service facility. In support of that claimed injury, he alleges that he "'regularly' films police and government officials around the District, including officials on government property, and anticipates 'future encounters' with Secret Service agents in the course of that journalistic activity." Appellant Br. at 23 (quoting JA 5, 12). And, as evidence that this risk is realistic, he points to a past harm — the 2019 incident.

There is reason to doubt that Jones has sufficiently identified "any description of concrete plans" to some day film a Secret Service building, "or indeed even any specification of *when* the some day will be." *Lujan*, 504 U.S. at 564. But even if he has done that, Jones has not plausibly alleged a "substantial risk" that Secret Service officers will once again detain and search him. That's because he has not established that "*all*" Secret Service officers in D.C. "*always*" detain and search "any citizen" who records a Secret Service building. *Lyons*, 461 U.S. at 105-06.

To see why, recall that not even "*all*" the officers *in this case* objected to Jones' conduct. *Id.* A third officer made "clear that" Jones was "not violating any law." JA 11. In Jones' words, that officer said he had a right to "continue filming from the public sidewalk without interfering with anyone else." *Id.*

At most, Jones plausibly alleges that Fisher and Holland, given the chance, would obstruct a future attempt by Jones to film a Secret Service building. But Jones did not allege that he

is likely to encounter those two officers again. Nor did he allege that he is likely to return to the building where they work.

In response, Jones relies on *Anatol Zukerman & Charles Krause Reporting, LLC v. United States Postal Service*, in which we affirmed a declaratory judgment that remedied the "continuing effects" of a "past injury." 64 F.4th 1354, 1363, 1367 (D.C. Cir. 2023). But Jones has not plausibly alleged any "continuing effects" from a "past injury." *Id.* So a declaratory judgment would not redress any harm Jones may have suffered. And without a redressable injury, Jones lacks standing.[3]

## IV. Conclusion

"While *Bivens* and its progeny have not been overruled and claims for damages arising under the Constitution remain available in some circumstances, the Supreme Court has recognized that creating implied causes of action under *Bivens* is a disfavored judicial activity." *Buchanan v. Barr*, 71 F.4th 1003, 1007 (D.C. Cir. 2023) (cleaned up). For that reason, the Court has set a high bar for plaintiffs like Jones.

Jones has not cleared that high bar. Nor has he established standing to sue for prospective relief. So we affirm the district court.

*So ordered.*

---

[3] In his opening brief, Jones claims he faces a "cloud of legal uncertainty" that qualifies as a continuing effect of a past harm. Appellant Br. 31. But Jones did not allege this injury in his complaint, so we decline to consider it. And by not asking the district court for leave to amend his complaint, Jones has forfeited the opportunity to do so. *City of Harper Woods Employees' Retirement System v. Olver*, 589 F.3d 1292, 1304 (D.C. Cir. 2009).